IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-657-DGK |
| | ) | |
| DEREK LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Global Control Systems, Inc. ("Global") has sued Defendants Derek Luebbert ("Luebbert"), Atlas Industrial Solutions, LLC ("Atlas"), Midwest Controls, LLC ("Midwest"), and Alliant Techsystems, Inc. ("Alliant") for various claims related to Luebbert's former employment with Global and the business opportunities he has pursued since leaving Global. Now before the Court is Global's motion for a preliminary injunction (Doc. 9).

Global moves for a preliminary injunction under Federal Rule of Civil Procedure 65(a) to to enjoin: (1) Luebbert from "working or contracting for [Atlas,] Midwest, [Alliant] and any other individual or entity in violation of the Employment Agreement, Settlement Agreement and Amendment;" and (2) Midwest *and* Alliant from "employ[ing] or contracting with, or contracting for the services of Luebbert and [Atlas] in violation of the Employment Agreement, Settlement Agreement and Amendment." (Doc. 10, at 18).

The Court denies Global's motion as to Atlas, Alliant, and Midwest. First, Global's briefing occasionally references a proposed injunction against Atlas. Motions must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Specificity in the request is especially necessary for the district court on a motion for a preliminary injunction,

because an order granting an injunction must "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C).  Because Global's motion does not propose a specific injunction against Atlas, and the Court cannot precisely tell what Global wants Atlas to stop doing, the Court declines to issue an injunction against Atlas.

Next, Global moves for an injunction to stop Alliant and Midwest from working with Luebbert and Atlas in contravention of various contracts and settlement agreements.  An injunction is an extraordinary remedy and the movant—Global—bears the burden of establishing the need for such relief.  *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006).  However, none of Global's arguments focus on Alliant or Midwest; its arguments on each of the four *Dataphase* factors relate solely to Luebbert.  *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc) (outlining four factors for the district court to weigh in considering preliminary injunctions).  For instance, Global does not argue that it is likely to succeed against Alliant or Midwest on the merits of any particular claim found in the Second Amended Petition.  Global falls well short of its burden with regard to both Alliant and Midwest. *See Lankford*, 451 F.3d at 503.  The Court denies this part of Global's motion.

Finally, Global moves to enjoin Luebbert.  Global's motion fairly discusses the factual and legal basis for seeking an injunction against Luebbert.  But because Global and Luebbert dispute facts material to this motion, the Court withholds ruling on Global's motion as it pertains to him.  *See United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002) (requiring the court to hold an evidentiary hearing before issuing a preliminary injunction where the parties dispute material facts).  The Court will contact those parties to schedule an evidentiary hearing.

## Conclusion

For the reasons above, Global's Motion for Preliminary Injunction (Doc. 9) is DENIED as to Atlas, Alliant, and Midwest. The Court WITHHOLDS RULING on Global's motion as to Luebbert until an evidentiary hearing is held.

**IT IS SO ORDERED.**

Date:  October 14, 2014                             /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT