IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-657-DGK |
| | ) | |
| DEREK LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING UNTIMELY MOTION

The Court previously invited Defendants and deponent Brandon Krahenbill to file a motion under Federal Rule of Civil Procedure 30(d)(3) to limit or terminate Krahenbill's deposition (Doc. 39). The order stated that such a motion must be filed by December 30, 2014.

On January 8, 2015, Defendant Midwest Controls, LLC ("Midwest") filed a Motion to Limit or Terminate Deposition of Brandon Krahenbill (Doc. 41). Plaintiff Global Control Systems, Inc. ("Global") moves to strike that motion for being filed past the Court's deadline (Doc. 44).

Midwest's motion was filed nine days late, and thus does not comply with the Court's order. The issue is whether the Court can excuse Midwest's untimeliness. Under Rule 6(b)(1)(B), "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . *on motion made* after the time has expired if the party failed to act because of excusable neglect." (emphasis added). *See also Chorosevic v. MetLife Choices*, 600 F.3d 934, 946–47 (8th Cir. 2010); *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1047–48 (8th Cir. 2010). Midwest did not move for an extension of time. Even assuming Midwest otherwise qualifies for relief under Rule 6(b), absent such a motion, the Court is not authorized

to excuse Midwest's dilatory filing. *See Smith v. Dist. of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005) ("In the absence of any [Rule 6(b)] motion for an extension, the trial court ha[s] no basis on which to exercise [this] discretion.").

Therefore, Global's motion to strike is GRANTED. Midwest's motion to limit or terminate Krahenbill's deposition is DENIED WITHOUT PREJUDICE. Defendants shall make Krahenbill available to resume his deposition no later than February 9, 2015. Defendants or Krahenbill may file another Rule 30(d)(3) motion before then, but if they choose to do so, such a motion will be considered untimely and so satisfaction of Rule 6(b)(1) must be demonstrated.

**IT IS SO ORDERED.**

Date:  January 20, 2015   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT