**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-657-DGK |
| | ) | |
| DEREK LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING SECOND DISCOVERY DISPUTE

This matter is before the Court on a discovery dispute. Pursuant to Local Rule 37.1, the

Court reviewed briefs submitted by the parties and on May 28, 2015, at 3:00 p.m., the Court held

a telephone hearing during which it heard argument from Plaintiff's counsel Art Shaffer and

from Walter Brown, counsel to Defendants Derek Luebbert ("Luebbert"), Atlas Industrial

Solutions LLC ("Atlas"), and Midwest Controls LLC ("Midwest"). Defendant Alliant

Techsystems, Inc. ("ATK") did not appear.

Consistent with Federal Rule of Civil Procedure 26(b)(2)(C), which governs when the

court must limit discovery, and the rulings made during the teleconference, the Court issues

further orders as follows.

### I. Luebbert's and Atlas's Supplemental Responses to GCS's First Requests for Production

Unless otherwise noted below, each of GCS's objections to Luebbert's or Atlas's

responses is overruled. In particular, the Court rejects GCS's argument that Defendants must

produce discovery that GCS has already obtained, as GCS has failed to identify specific

discovery that Defendants are withholding or that Defendants possess but the third-party

producer did not. The Court recognizes Luebbert's and Atlas's stipulation that they do not have

any more responsive documents than what they have produced, and that they do not know of any more responsive documents than what they have produced—except those documents noted below.

Requests for Production No. 1 to Luebbert and Atlas ask for contracts and drafts of certain contracts, including "any notes pertaining to or written on drafts or copies of the contracts." The parties doubted whether such "notes" were produced. Insofar as Luebbert or Atlas possess any such "notes," they shall respectively produce them.

Requests for Production No. 2 to Luebbert and Atlas seek various financial documents. Luebbert and Atlas shall respectively produce all responsive documents created between GCS's last request and the present. Luebbert and Atlas shall respectively produce all electronic files—including but not limited to profit-loss statements, balance sheets, and files created or used by accounting software such as QuickBooks—that are responsive to this request. Although Luebbert and Atlas assert that GCS already has this information by way of ATK, the Court finds that these electronic files may be much easier for GCS to cull.

Requests for Production No. 6 to Luebbert and Atlas seek various bank account statements. Luebbert and Atlas shall respectively produce all responsive documents created between GCS's last request and the present.

Requests for Production No. 7 to Luebbert and Atlas seek financial statements and income tax returns. Luebbert and Atlas shall respectively produce all responsive documents. In particular, they shall produce any exhibits referenced in the tax returns that have not yet been produced. Atlas shall produce all available tax returns from tax year 2010 through the present. Once Luebbert and Atlas receive their 2014 tax returns, they shall promptly produce them.

GCS has withdrawn its objection to Request for Production No. 10 to Luebbert.

2

Requests for Production No. 11 to Luebbert and Atlas seek documents and correspondence with any entity that has employed them. The Court narrows this request to apply only to employment in the field of controls engineering. On that understanding, Luebbert and Atlas shall respectively produce all responsive documents that have not yet been produced.

All production ordered in this section shall occur no later than June 19, 2015.

## II.    Requests for production propounded on Midwest and the privilege log.

At the teleconference, Mr. Brown indicated that he would: (1) supplement his responses in Doc. 75-6 within about ten days; and (2) work with opposing counsel on developing a privilege log for Requests for Production 8 (Doc. 75-2 at 2; Doc. 75-3 at 2). The parties shall resolve this dispute accordingly.

## III.    A second deposition of GCS.

Finally, Luebbert, Atlas, and Midwest seek leave to depose GCS. ATK has already deposed GCS, but Luebbert, Atlas, and Midwest have not. The Federal Rules of Civil Procedure allow the court to grant leave to re-depose a witness unless the successive deposition will yield only discovery that is unreasonably cumulative or duplicative, or the party has already had ample opportunity to obtain the information elsewhere. Fed. R. Civ. P. 30(a)(2), 26(b)(2)(C).

Here, the Court finds that a second deposition of GCS should be allowed. ATK—not Luebbert, Atlas, or Midwest—led the first deposition. ATK did so before the other defendants would have liked to conduct the deposition. Finally, GCS is a central figure in this case, and its claims against ATK are sufficiently different from its claims against Luebbert, Atlas, and Midwest that a deposition should yield permissible discovery. Accordingly, the Court grants Luebbert, Atlas, and Midwest leave to depose GCS at any time before the close of discovery, the deadline for which shall be set in a subsequent scheduling order.

**Conclusion**

The parties are ORDERED to conduct discovery consistent with this Order. The Court emphasizes that all production ordered in Part I shall take place no later than June 19, 2015.

The Court notes that a communications breakdown is at least partially responsible for the parties' disputes. In particular, not every attorney appears to be aware of what other attorneys' positions are. Therefore, lead counsel for each party involved are each ORDERED to attend all future discovery conferences in this action.

**IT IS SO ORDERED.**

Date:   June 1, 2015                                          /s/ Greg Kays
                                                          GREG KAYS, CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT

4