IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-657-DGK |
| | ) | |
| DEREK LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE

Plaintiff Global Control Systems, Inc. ("GCS"), has sued its former employee, Defendant Derek Luebbert, and his company, Defendant Atlas Industrial Solutions LLC. Now before the Court is GCS's evidentiary motion in limine (Doc. 165). For the reasons below, the motion is GRANTED IN PART.

First, GCS wants to exclude all evidence of the settlement and settlement negotiations it conducted with former defendant Alliant Techsystems, Inc. ("ATK"). Defendants argue that GCS is entitled to only one recovery for its alleged breach of contract: "To the extent those damages (or a portion of them) have been recovered from Defendant ATK, that information is relevant at this trial and should not be excluded." However, GCS settled four claims against ATK, only one of which was breach of contract. Therefore, for purposes of trial, this evidence is not relevant to the remaining breach of contract and civil conspiracy claims. *See* Fed. R. Evid. 402. This part of the motion is granted.

Second, GCS moves the Court to refuse admission of: (1) all evidence of settlement negotiations between GCS and a possible witness in this case named Andy Wendte, in *Global Control Systems, Inc. v. Wendte*, No. 1416-CV13590 (Mo. Cir. Ct. filed June 6, 2014); and

(2) all evidence of Lake City Ammunition Plant being a federal enclave.  Because these parts of GCS's motion are unopposed, the Court grants them.

Third, GCS wants to exclude all evidence that it did not want to work for ATK.  A refusal to work for ATK may indicate that GCS did not try to mitigate its damages, which bears on a damages determination.  *See Graham Constr. Servs. v. Hammer & Steel Inc.*, 755 F.3d 611, 619 (8th Cir. 2014) ("Under Missouri law, 'one damaged by breach of contract must make reasonable efforts to minimize resulting damages.'").  Therefore, the Court denies this part of the motion.

Fourth, GCS asks the Court to exclude all evidence suggesting the relevant contracts in this case are invalid.  In denying summary judgment to Defendants, the Court held that the employment agreement was a valid non-compete agreement as a matter of law (Doc. 146 at 5).  That ruling stands.  Beyond that, a jury is free to decide the existence and terms of any contract in this case.  This part of GCS's motion is granted as it regards the validity of the non-compete clause, and denied in all other respects.

Finally, GCS asks the Court to issue an adverse-inference instruction against Defendant Midwest Controls, LLC, as a sanction for allegedly destroying files on a laptop hard drive.  Because the Court has dismissed all claims against Midwest Controls, this request is denied as moot.

**IT IS SO ORDERED.**

Date:  March 14, 2016                             /s/ Greg Kays
                                                                GREG KAYS, CHIEF JUDGE
                                                                UNITED STATES DISTRICT COURT

2
Case 4:14-cv-00657-DGK   Document 176   Filed 03/14/16   Page 2 of 2