IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-657-DGK |
| | ) | |
| DEREK LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

This case arises out of a soured business relationship between Plaintiff Global Control Systems, Inc. ("GCS"), and its former employee, Defendant Derek Luebbert ("Luebbert"). Before he left GCS, Luebbert founded his own company, Defendant Atlas Industrial Solutions LLC ("Atlas"), and began soliciting work from a GCS client, Alliant Techsystems Inc. ("ATK").

Now before the Court is GCS's motion to dismiss Defendants' counterclaims for failing to state a claim, or alternatively, a motion for summary judgment (Doc. 154). For the reasons below, the motion is GRANTED.

**Background**

According to the Amended Complaint, Luebbert used to work for GCS at ATK. As a condition of his employment, Luebbert signed a contract which prohibited him from competing with GCS for three years after he left the company ("the Employment Agreement").

Luebbert resigned from GCS and began working for ATK through a company he had founded, Atlas. After GCS found out about this, it entered into two contracts with Luebbert and Atlas: a "Settlement Agreement" and an "Amendment." In those contracts, Defendants generally agreed to pay GCS fifty percent of all revenue earned off their ATK purchase order. In return,

GCS would not enforce the non-compete agreement until Defendants concluded work on their ATK purchase order.

When Defendants allegedly renounced the contracts, GCS sued them in state court. Before removal, Defendants filed an Amended Answer and Counterclaim (Doc. 1-4) asserting four counterclaims: breach of the covenant of good faith and fair dealing (Count I), tortious interference with business advantage (Count II), unjust enrichment (Count III), and fraud (Count IV). The Missouri Circuit Court dismissed Counts II and IV (Doc. 154-1).

Over a year and a half later, and four months after the deadline to file dispositive motions, this Court permitted GCS to file an amended complaint. Defendants answered that complaint and asserted the same four counterclaims they originally made.

## Standard

On a Rule 12(b)(6) motion, the court assesses whether the complaint pleads sufficient facts to state a claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court makes this determination by taking all facts in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc). Legal conclusions in the complaint merit no deference. *Iqbal*, 556 U.S. at 678.

## Discussion

GCS makes both a motion to dismiss, and a motion for summary judgment. Because a summary judgment motion is untimely, the Court considers only GCS's motion to dismiss. *See* Fed. R. Civ. P. 16(b)(4); L.R. 16.3.[1]

---

[1] In contrast, a motion to dismiss for failure to state a claim may be raised as late as trial. Fed. R. Civ. P. 12(h)(2)(C).

2
Case 4:14-cv-00657-DGK   Document 192   Filed 03/21/16   Page 2 of 5

**I. Defendants have not stated a claim for breach of the covenant of good faith and fair dealing because they have failed to identify any contractually-imposed discretion that GCS improperly exercised.**

In Count I, Defendants allege that they had "prior business dealings" with GCS regarding their work at ATK. "Implied in those dealings," they allege, was a covenant of good faith and fair dealing "to cooperate with Defendants on agreeing to a reasonable way to move forward with an agreement to release Defendants" from the parties' revenue-sharing agreement "or alternatively enter into a fair revenue-sharing agreement."

Implied in every contract is a covenant of good faith and fair dealing, which imposes a duty on each party "to cooperate with the other to enable performance and achievement of the expected benefits" of a contract. *Slone v. Purina Mills, Inc.*, 927 S.W.2d 358, 368 (Mo. Ct. App. 1996). To state a claim for a breach of that covenant, Defendants must show that: (1) they had a contract with GCS which expressly conferred on GCS a discretion; and (2) GCS exercised that discretion in such a manner as to evade the spirit of the transaction, or so as to deny Defendants the expected benefit of the contract. *See Mo. Consol. Health Care Plan v. Cmty. Health Plan*, 81 S.W.3d 34, 46 (Mo. Ct. App. 2002).

The Amended Answer does not discuss a particular contract or provision, but the Amended Complaint generally discusses three contracts: the Employment Agreement, the Settlement Agreement, and the Amendment. None of these contracts requires GCS to help Defendants nullify the contracts or release Defendants from their obligations.

Rather, the contracts explain the specific ways that Defendants can discharge their obligations. For example, the Amendment releases Defendants from the revenue-sharing provision as soon as they finish work on the ATK purchase order. Similarly, the Amendment releases Luebbert from the non-compete agreement three years after he finishes working for

ATK.  Therefore, there is no discretion conferred by the express terms of an agreement.  *Mo. Consol. Health Care Plan*, 81 S.W.3d at 46.

Defendants appear to now believe that the contracts are not fair, so GCS should be amenable to renegotiating their terms.  That commitment is not subsumed in the covenant of good faith and fair dealing.  Count I is dismissed.

## II. Because Counts II and IV have already been dismissed, Defendants may not now resurrect them.

A Missouri state court has already dismissed Counts II and IV.  After removal, all "orders[] and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.  In essence, the federal court "takes the case up where the State court left it off" and does "not vacate what had been done in the State court previous to the removal."  *Duncan v. Gegan*, 101 U.S. 810, 812 (1879).  Accordingly, the Missouri court's order is the law of the case.  As Defendants give the Court no reason why it should revisit the law of the case, the Court respects the state court's previous decision and again dismisses Counts II and IV.

## III. Because Defendants want to recover money that is the very subject matter of these contracts, they cannot maintain a claim for unjust enrichment.

In Count III, Defendants allege that they have shared revenue with GCS, but that the revenue-sharing agreement is void and unenforceable because they "were fraudulently induced into entering into the Agreements."  They now want their payments back, arguing that GCS has been unjustly enriched.

To state a claim for unjust enrichment, Defendants must plead that they gave GCS a benefit but "it would be unjust to allow [GCS] to retain the benefit."  *Holliday Investments, Inc. v. Hawthorn Bank*, 476 S.W.3d 291, 295 (Mo. Ct. App. 2015).  "If the plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment

4

does not apply, for the plaintiff's rights are limited to the express terms of the contract." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010).

The money that Defendants want back from GCS is revenue that the contracts obligated them to give GCS. Therefore, Defendants may not maintain an unjust enrichment claim. *See id.* Although the Amended Answer alleges that the revenue-sharing agreement is "void and unenforceable" due to fraudulent inducement, those are legal conclusions undeserving of deference. *See Iqbal*, 556 U.S. at 678. The Amended Answer provides no facts suggesting that the contracts here are unenforceable. Because Defendants have not provided facts demonstrating that it would be unjust to allow GCS to keep its shared revenue, Count III is dismissed.

## Conclusion

In view of the foregoing, GCS's motion (Doc. 154) is GRANTED. All counts in the Amended Answer and Counterclaim (Doc. 148) are DISMISSED without prejudice.

**IT IS SO ORDERED.**

Date:  March 21, 2016       /s/ Greg Kays
                            GREG KAYS, CHIEF JUDGE
                            UNITED STATES DISTRICT COURT