# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 14-CV-657-W-DGK |
| DEREK LUEBBERT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL

A jury found Defendants Derek Luebbert ("Luebbert") and Atlas Industrial Solutions, LLC ("Atlas"), liable for breaching a contract with Plaintiff Global Control Systems, Inc. ("GCS"). The jury awarded GCS $302,631.31 from Luebbert, and $1.00 from Atlas.

Challenging those verdicts, Defendants have filed a motion for a new trial (Doc. 229). For the reasons below, the motion is DENIED.

## Discussion[1]

Defendants raise a number of alleged trial errors, most of which concern the Court's evidentiary rulings: (1) the Court permitted evidence about a prior contract; (2) GCS made a prejudicial comment during closing argument; (3) the Court excluded evidence about the parties' intent in entering certain contracts; (4) the jury lacked enough evidence to return its damages award; and (5) the Court denied Defendants a number of affirmative defenses.

After a jury trial, a court may grant a new trial if necessary to avoid a "miscarriage of justice." *Burris v. Gulf Underwriters Ins. Co.*, 787 F.3d 875, 878 (8th Cir. 2015) (alteration in original); Fed. R. Civ. P. 59(a)(1)(A). The court reviews a Rule 59(a)(1)(A) motion by relying

---

[1] Given the extensive record in this case and the parties' familiarity with it, the Court need not repeat all facts essential to this Order. The facts the Court does chronicle here are given in the light most favorable to the verdict.

on "its own reading of the evidence." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, — F.3d —, 2016 WL 3186895, at *2 (8th Cir. 2016).

   **I. The jury could fairly know about Luebbert's prior noncompete clause.**

First, Defendants argue the Court should not have allowed GCS to mention Luebbert's prior noncompete clause. They argue evidence of that contract was irrelevant and unfairly prejudicial as it was not at issue and painted him in a bad light. *See* Fed. R. Evid. 402, 403.

This case involves three contracts: (1) an employee agreement with a noncompete clause; (2) a settlement agreement which settled GCS's claim against Luebbert for breaching that noncompete clause; and (3) an amendment to the settlement agreement, which required Defendants to pay certain money to GCS. By trial, GCS was pursuing only one claim against each Defendant, for breaching the third of those contracts by working with GCS competitor Alliant Techsystems Inc. ("ATK"). *See* Instruction Nos. 13–14 (Doc. 217 at 15–16).

The Court nonetheless permitted evidence about the first contract because its noncompete clause *was* at issue, indirectly. The third contract specifically incorporated that clause and made it effective for three years after Defendants ceased certain work. Moreover, the first contract was necessary for GCS to tell the story of this case. Therefore, it was relevant.

Nor did the first contract confuse the jury. Evidence at trial showed that Luebbert had already been punished once for breaching his noncompete clause; as shown by the verdict director, the jury held Luebbert liable for only *new* violations of the noncompete clause. The Court can assume that the jury properly understood from this context that Luebbert's earlier breach should not be used to find against him. Therefore, the Court did not err in admitting this evidence.

**II. GCS did not improperly characterize the breach the jury had to find.**

Second, Defendants argue it was error for GCS to argue at closing that Defendants' alleged breaches were "not leaving" ATK. The alleged breaches, Defendants contend, had nothing to do with refusing to leave ATK.

"[W]hen a new trial motion is based on improper closing arguments, a new trial should be granted only if the statements are 'plainly unwarranted and clearly injurious' and 'cause prejudice to the opposing party and unfairly influence a jury's verdict.'" *Littleton v. McNeely*, 562 F.3d 880, 889 (8th Cir. 2009) (alteration in original).

GCS's statement in closing argument was not "plainly unwarranted." Although the attorney's statement is susceptible to more than one inference, the remark can be reasonably harmonized with the jury's charge: if Defendants had stopped working for ATK, then they would not have had to pay GCS any money and would not be breaching any contract. *See id.* at 889–90 (affirming a denial of a new trial when challenged closing-argument statements were reasonably consistent with the evidence). Any prejudice was greatly mitigated by Jury Instruction Nos. 3 ("Lawyers' statements, arguments, questions, and comments are not evidence"), 7 ("[C]losing arguments are not evidence"), and 13–14 (verdict directors circumscribing the types of breaches necessary to find against Defendants). *See Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 954 (8th Cir. 2014). Moreover, Defendants do not claim to have objected contemporaneously to this argument. *Cf. Pavlik v. Cargill, Inc.*, 9 F.3d 710, 715 (8th Cir. 1993) (in the context of appellate review, adversely considering a failure to object to a closing argument). Therefore, allowing GCS's comment was not error.

### III. The parties' intent in entering the contracts, insofar as it was inconsistent with the written terms of the contract, was irrelevant.

Third, Defendants argue the Court should have allowed them to explore the parties' intent with regard to the contracts. In interpreting contracts, the parties' intent "is presumed to be expressed by the plain and ordinary meaning of the language of the contract." *Chochorowski v. Home Depot U.S.A.*, 404 S.W.3d 220, 226 (Mo. 2013). "When the language of a contract is clear and unambiguous, the intent of the parties will be gathered from the contract alone, and a court will not resort to a construction where the intent of the parties is expressed in clear and unambiguous language." *Id.* at 226–27. A contract is not ambiguous "simply when the parties disagree over the contract's interpretation, but where the contract is 'reasonably susceptible to different constructions.'" *Armbruster v. Mercy Med. Grp.*, 465 S.W.3d 67, 71 (Mo. Ct. App. 2015).

Although the parties have disagreed generally throughout the case about the contracts' meaning, Defendants have never shown the Court that any term of any contract was "reasonably susceptible to different constructions," despite the Court specifically asking about such during the pretrial conference. Therefore, the Court did not err in prohibiting Defendants from broaching their extrinsic intent in entering the contracts.

### IV. The jury had enough evidence to return its verdicts.

Fourth, Defendants argue the jury's award of damages against Luebbert lacks evidentiary support. "A new trial motion premised on a dispute about the strength of the supporting proof should be granted only 'if the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice.'" *Structural Polymer Grp., Ltd. v. Zoltek Corp.*, 543 F.3d 987, 991 (8th Cir. 2008).

Here, the awards of $302,631.31 against Luebbert and $1.00 against Atlas were not against the weight of the evidence. The evidence established that Luebbert promised to pay GCS fifty percent of all revenue earned "for any alterations to the original purchase order." He performed $605,264.63 worth of work at ATK, which the jury could fairly find to be work performed pursuant to "alterations to the original purchase order." Therefore, the jury reasonably found that each Defendant received this money, and that Defendants together owed half of that amount, or $302,632.31.

**V. Defendants do not explain why the Court should revisit its earlier rulings rejecting certain affirmative defenses.**

Fifth, Defendants argue the Court should not have rejected their affirmative defenses of duress, fraud in the inducement, substantial performance, and failure to mitigate. The parties have briefed these issues extensively. Because Defendants raise no new arguments on this ground, it is rejected.

Defendants have failed to convince the Court that any of the above rulings were incorrect, much less that the rulings misled the jury and miscarried justice. Defendants establish no basis for a new trial. *See* Fed. R. Civ. P. 59(a)(1)(A).

**Conclusion**

For the foregoing reasons, the Court DENIES Defendants' motion for a new trial (Doc. 229).

**IT IS SO ORDERED.**

Date:  July 15, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT