IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-657-W-DGK |
| | ) | |
| DEREK LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

A jury found Defendants liable for breach of contract. Plaintiff Global Control Systems, Inc. ("GCS"), has filed a motion for an award of attorneys' fees (Doc. 224). GCS asserts that it has used three law firms—the Intellectual Property Center, the McClain Law Firm, and Van Osdol & Magruder—over the course of this litigation which have collectively billed $498,855.05 in fees. In conjunction, GCS has filed a motion to amend the judgment (Doc. 228) to add these attorneys' fees and to add pre- and post-judgment interest.

As explained below, a part of GCS's fee request is unreasonable. Therefore, the motion for attorneys' fees is GRANTED IN PART. The Court awards GCS $305,802.89 in attorneys' fees.[1] The motion to amend the judgment is GRANTED and the Court awards GCS pre- and post-judgment interest.

### Discussion

Defendants breached a contract that read, "In the event either party commences any action in a court of law to enforce this Settlement Agreement or obtain damages for the breach of this Settlement Agreement, the prevailing Party shall be entitled to an award of its actual

---

[1] GCS also seeks costs. Because the Clerk, not the Court, taxes costs when no objection has been filed, the Court leaves this issue to the Clerk. *See* L.R. 54.1(a).

attorneys' fees and costs incurred in such action." (Doc. 224-3 at 8). GCS argues that, having obtained judgment on all counts, it is entitled to attorneys' fees from Defendants.

In a diversity case, "[i]f a contract provides for the payment of attorneys' fees and expenses incurred in the enforcement of a contract provision, the trial court must comply with the terms of the contract and award them to the prevailing party." *DocMagic, Inc. v. Mortg. P'ship of Am., L.L.C.*, 729 F.3d 808, 812 (8th Cir. 2013) (applying Missouri law). Defendants do not contest that GCS is the "prevailing Party" under the contract. *See also id.* at 813–14. GCS is thus entitled to attorneys' fees per the contract.

Although the contract guarantees GCS "its actual attorneys' fees," only reasonable fees may be recovered. *See State ex rel. Chase Resorts, Inc. v. Campbell*, 913 S.W.2d 832, 835 (Mo. Ct. App. 1995) ("[R]easonableness is an implied term in every contract for attorney's fees."). The Court assesses whether it is reasonable for GCS to claim half a million dollars in attorneys' fees.

"Under Missouri law, the reasonableness of attorney's fees is determined by examining [1] the time expended; [2] the nature, character and amount of the services rendered; [3] the nature and importance of the litigation; [4] the degree of responsibility imposed on the attorney; [5] the amount of money involved; [6] the degree of professional ability, skill, and experience called for and used; and [7] the result obtained." *Weitz Co. v. MH Washington*, 631 F.3d 510, 528–29 (8th Cir. 2011). "A plaintiff can be compensated for work on unsuccessful claims if they are sufficiently related to the successful claim because they 'involve a common core of facts' or 'are based on related legal theories.'" *Al-Birekdar v. Chrysler Grp., LLC*, 499 F. App'x 641, 649 (8th Cir. 2013) (applying Missouri law). However, the court may reduce the awardable fees that

represent work unrelated to the plaintiff's winning issues. *Id.* The court may do this by a global reduction or by line-item cuts. *Id.* at 648–49.

**I. GCS may not recover fees unrelated to its claims against Luebbert and Atlas.**

First, the Court looks at what GCS's attorneys spent their time doing. GCS invoiced $498,855.05 in attorneys' fees, but as Defendants point out, not all of those fees relate to GCS's breach of contract claims. The attorneys incurred significant fees prosecuting claims against Defendants Alliant Techsystems Inc. ("ATK") and Midwest Controls, LLC ("Midwest"), which were never parties to the contract with the fee provision. Some of these fees are still recoverable, however, because the ATK and Midwest claims share the same factual nucleus with Luebbert's and Atlas's breach of contract claims. Work performed building a case against ATK and Midwest also helped GCS build a case against Luebbert and Atlas.

The Court finds that fees relating to discovery of GCS's claims against ATK or Midwest are presumptively reasonable because discovery against those defendants helped GCS's claims against Luebbert and Atlas. The Court finds that fees relating solely to ATK or Midwest are unreasonable. For example, GCS may not recover fees incurred: drafting an amended complaint that joined ATK and Midwest; responding to ATK's and Midwest's motions for summary judgment; or mediating claims with just ATK.

For entries on GCS's itemized billing statement that are not compensable, the Court cuts the fees. For entries that comprise both compensable and non-compensable work roughly equally, the Court halves the fees. Accordingly, the Court cuts $9,895.25 and 43.6 hours from the McClain Law Firm's bill and $62,850.25 and 219.5 hours from the Intellectual Property Center's bill, a total of $72,745.50 and 263.1 hours. *See Al-Birekdar*, 499 F. App'x at 648–49.

3
Case 4:14-cv-00657-DGK   Document 237   Filed 08/03/16   Page 3 of 7

Relatedly, GCS has submitted duplicate requests for $18,272.36: first in its bill of costs (Doc. 226), and now in its motion for attorneys' fees. Because GCS may not recover costs twice, the Court excludes those costs from the award of attorneys' fees.

The Court therefore line-item cuts GCS's requested attorneys' fees to $407,737.19 on 2,441.4 hours.

## II. Given the needs of this case, GCS's billed hours are somewhat excessive.

Second, the Court considers the nature, character, and amount of the services rendered. GCS claims its attorneys spent 2,704.5 hours—cut to 2,441.4 as discussed above—litigating this case over three years. GCS claims its attorneys used that time: litigating in state and federal court; participating in a two-day preliminary injunction hearing; fighting five discovery disputes which warranted the Court's intervention; engaging in intensive discovery which involved computer forensics and spanned until after the first day of trial, when the parties conducted their final deposition; defending against four motions for summary judgment; and participating in a four-day trial, ultimately prevailing. GCS used primarily two attorneys in the case, with a third entering an appearance a few weeks before trial.

Those hours are somewhat excessive, given the needs of this case. The Court agrees with GCS that this breach of contract case was not simple; the relevant facts span a decade, and the case relied on a money trail that required time and effort to reconstruct. The majority of GCS's attorneys work on this case was necessary, but the Court finds they did not need to perform 2,441.4 hours' worth of work.

Some of GCS's efforts were redundant: given the intense effort GCS put into the preliminary injunction hearing, it should not have taken as many hours to prepare for a trial that repeated most of the preliminary injunction hearing evidence. Some of GCS's efforts were

4

misguided: at trial GCS attempted to present many arguments and evidence that were simply irrelevant or repetitive.  GCS did the same thing at the preliminary injunction hearing, which it says it spent about 227 hours preparing for.

Finally, some of GCS's efforts were avoidable: the Court twice chided GCS (and, in fairness, Defendants) for the time it spent litigating discovery disputes.  *E.g.*, Order Regarding Fourth Discovery Dispute 1 (Doc. 133) ("These issues could and should have been resolved without calling a conference with the Court."); Order Regarding Second Discovery Dispute 4 (Doc. 80) ("The Court notes that a communications breakdown is at least partially responsible for the parties' disputes.").  GCS argues that Defendants thwarted discovery by failing to produce financial information that would GCS to compute its damages.  However, the Court previously rejected GCS's call to compel certain production by Defendants, because GCS failed to demonstrate that Defendants were withholding documents, and because GCS had already received some of the desired documents from other sources (Doc. 80 at 1–2).

Therefore, the services GCS's attorneys rendered, though mostly necessary, were not so carefully tailored to the needs of this case that Defendants should have to pay for all of them.

### III. This litigation has importance to GCS beyond Luebbert and Atlas.

Third, the Court considers the nature and importance of this litigation.  While any lawsuit is critically important to the parties, this lawsuit is important to non-parties.  This litigation arose from an employment contract GCS signed with Luebbert, who was a GCS employee at the time.  GCS has a legitimate interest in enforcing contracts it concludes with its employees, even after those employees leave the company.  The resolution of this case helped GCS demonstrate to its employees that it takes its employment agreements seriously, a factor which weighs in favor of GCS's fee request.

5

### IV. GCS fully prevailed on every claim.

The Court finds the fourth, fifth, and sixth factors neither favor nor oppose GCS's fee request, so proceeds to the seventh factor: the result obtained. GCS prevailed on every contractual claim it brought against Luebbert and Atlas, and the jury awarded GCS every dollar in damages it asked for. The Court finds this factor favors GCS's fee request.

### V. A global reduction is warranted based on the above considerations.

The Court has already cut GCS's eligible fees down to $407,737.19 based on double-billed costs and on work unrelated to the GCS-Luebbert-Atlas contracts. For the otherwise eligible work, in view of the above factors, the Court finds that GCS's attorneys performed more work on this case than was reasonably necessary—particularly for the unsuccessful preliminary injunction motion—and so globally reduces the remaining sum by twenty-five percent, to $305,802.89. *See Al-Birekdar*, 499 F. App'x at 649.

### Conclusion

For the reasons above, GCS's Motion for Attorneys' Fees and Costs (Doc. 224) is GRANTED IN PART. Defendants Luebbert and Atlas are jointly and severally liable to GCS for attorneys' fees in the amount of $305,802.89.

For good cause shown, GCS's unopposed Motion to Amend Judgment (Doc. 228) is GRANTED. *See Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738–39 (8th Cir. 1987) (entitling a party who won certain contractual damages to pre-judgment interest under Missouri law and post-judgment interest under federal law). The Clerk must amend the judgment (Doc. 223) to: (1) award GCS attorneys' fees as described above; (2) award GCS $47,074.85 in pre-judgment interest pursuant to Mo. Rev. Stat. § 408.020 against Defendant Luebbert; and (3) award GCS

post-judgment interest against Defendants Luebbert and Atlas from April 5, 2016, at the applicable rate under 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

Date:  August 3, 2016   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT