# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00657-CV-W-DGK |
| | ) | |
| DEREK LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendant's Motion for Relief from Order Setting Examination of Judgment Debtor Pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. #252.) On October 21, 2019, the undersigned granted Plaintiff's Motion for Examination of Judgment Debtor and scheduled the examination of Defendant Derek Luebbert for December 12, 2019.[1] (Doc. #251.) Defendant Luebbert argues that this Court "inadvertently failed to consider state procedure as is required under Fed. R. Civ. P. 69" in setting the judgment debtor examination. (Doc. #252 at 2-3.) According to Defendant Luebbert, state law requires both "an execution issued by a court in this state" and a "return unsatisfied." (Doc. #252.) Defendant Luebbert argues that "[a]t no time was an execution issued by a court in this state against the property of the Defendant served and been returned unsatisfied." (Doc. #252 at 3.)

Defendant Luebbert brings this motion under Rule 60(b)(1), of the Federal Rules of Civil Procedure. Rule 60(b)(1) permits a court to relieve a party of an order due to "mistake,

---

[1] On October 16, 2019, the district court referred Plaintiff's Motion for Examination of Judgment Debtor (doc. #243) to the undersigned magistrate pursuant to 28 U.S.C. § 636(b)(3) and L.R. 72.1(e)(13) (which specifically states that magistrate judges may "conduct examinations of judgment debtors in accordance with Fed. R. Civ. P. 69.").

inadvertence, surprise, or excusable neglect[.]"² Fed. R. Civ. P. 60(b)(1). The Court declines to grant relief as Defendant Luebbert has not shown that there was a legal mistake.

Rule 69(a) states:

(a) In General.
(1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
(2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69. Defendant Luebbert argues that the first subsection (subsection (a)(1)) requires this Court to apply state law in determining whether to order a judgment debtor examination. In so arguing, Defendant Luebbert cites *States Res. Corp. v. Younger*, No. 08-06041-CV-SJ-DGK, 2014 WL 912369, at *1 (W.D. Mo. Mar. 10, 2014), a decision of this Court which Defendant Luebbert argues supports his argument. Defendant Luebbert is clearly wrong in his analysis of the case.

The Court in *Younger* thoroughly reviewed Rule 69 and case law applying Rule 69 and found that the second subsection of the rule (subsection (a)(2)) controls the rules relating to obtaining post-judgment discovery. *Younger*, 2014 WL 912369, at *2. Rule 69(a)(2)'s provision that a judgment creditor may utilize federal or state law in obtaining discovery, is "broad and should be liberally construed." *Younger*, 2014 WL 912369, at *3. Such treatment is recognized

---

² This Court notes that Defendant Luebbert did not file a Rule 60(b)(1) motion until forty-five days after the initial filing of the Court's Order Setting Examination of Judgment Debtor. In fact, the filing came only a week prior to the scheduled examination. While this Court will not analyze whether the motion was timely under Rule 60, the Court has serious doubts as to whether such a motion would be deemed timely.

by the Eighth Circuit, which stated that "[t]he rules for depositions and discovery 'are to be accorded a broad and liberal treatment.'" *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). Courts across the county have routinely recognized that "a judgment debtor examination, a form of post-judgment discovery, may proceed under the federal rules governing pre-trial discovery." *United States v. Clinical Leasing Serv., Inc.*, No. CIV. A. 90-4364, 1995 WL 334636, at *1 (E.D. La. June 6, 1995); *See also Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016); *Taddeo v. Am. Invsco Corp.*, No. 2:12-CV-01110-APG, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015); *Martin v. Lee*, No. CIV.A. 06-41-A-M2, 2010 WL 2076746, at *2 (M.D. La. May 24, 2010); *Fuddruckers, Inc. v. KCOB I, L.L.C.*, 31 F. Supp. 2d 1274, 1279 (D. Kan. 1998).

This Court notes that the procedures set forth in § 513.380, of the Missouri Revised Statutes (RSMo), are not consistent with how this Court proceeds in judgment debtor examinations and are not consistent with the request by Plaintiff's to conduct a judgment debtor examination. The principal purpose of a judgment debtor examination under Missouri law (§§ 513.380- 513.395, RSMo), "is to discover assets, to compel the defendant in the execution to disclose under oath all the assets of his estate, and, *after this discovery, to authorize the court to say whether or not the debtor has assets that may be levied on by execution in favor of the judgment creditor*." *State ex rel. Rowland Grp., Inc. v. Koehr*, 831 S.W.2d 930, 932 (Mo. 1992). Plaintiff has not requested, and this Court does not issue, an advisory opinion in judgment debtor examinations. In fact, the undersigned merely opens the proceedings and then excuses herself while the examination is conducted under oath and recorded. Therefore, this Court rejects the notion that Plaintiff has requested to proceed under § 513.380, RSMo.

Based on the foregoing, it is

**ORDERED** that Defendant's Motion for Relief from Order Setting Examination of Judgment Debtor Pursuant to Fed. R. Civ. P. 60(b)(1), doc. #252, is denied.

                                                  */s/ Lajuana M. Counts*
                                                LAJUANA M. COUNTS
                                                UNITED STATES MAGISTRATE JUDGE