IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Global Control Systems, Inc.,<br>                          Plaintiff<br>vs.<br><br>Derek Francis Luebbert, et al.<br>                          Defendant. | Case No. 14-0657-CV-W-DGK |

## MOTION TO QUASH WRIT OF EXECUTION

COMES NOW Defendant Derek Francis Luebbert ("Luebbert"), by and through counsel Neil S. Sader and Stephen S. Krogmeier of Sader Law Firm, LLC and states as follows in support of his Motion to Quash Writ of Execution:

Facts

1. On March 29, 2024, Plaintiff Global Control Systems, Inc. ("Plaintiff") filed a Praceipe for Writ of Execution and/or Garnishment requesting this honorable Court enter a Writ of Execution against Mr. Luebbert for the sum of $655,509.04 with interest and costs as computed by Plaintiff (Doc. 269).

2. On March 29, 2024, this honorable Court issued the requested Writ of Execution to Global Control Systems.

3. Service was made by U.S. Marshal or Deputy Jeremy Reicheit upon "Control Loop's" registered agent United States Corporation Agents, Inc. on April 25, 2024.

4. On April 26, 2024, a Process Receipt and Return was entered into the record of this honorable Court (Doc. 270).

1

5. Upon information and belief, a true and accurate copy of all documents served upon Control Loop are attached hereto as "Exhibit A."

Law

6. "A federal writ of garnishment is generally governed by the law of the state in which the district court sits. Rule 69 of the Federal Rules of Civil Procedure states that '[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.'" *Bell v. Hosier*, 640 F. Supp.3d 998, 999 (D. Colo. Nov. 9, 2022) *citing* Fed. R. Civ. P. 69(a)(1).

7. Federal courts commonly quash writs of garnishment where the judgment creditor fails to comply with state law requirements for garnishments. *Id.* citing *Real Good Techs., LLC v. Victory Sols., LLC,* No. 1:17-cv-0149, 2018 WL 1621163, at *2 (N.D. Ohio Apr. 4, 2018); *Fleet Cap. Corp. v. Bill Simon Equip., Inc.*, No. 3:05-cv-176-MJR, 2008 WL 11508959, at *4 (S.D. Ill. Feb. 29, 2008), *report and recommendation adopted, 2008 WL 11508960* (S.D. Ill. Mar. 20, 2008).

8. In Missouri, "[a] garnishor's failure to proceed as required by statute and rule constitutes abandonment or discontinuance of a garnishment proceeding, and the circuit court loses its jurisdiction to proceed." *Allison v. Tyson*, 123 S.W.3d 196, 200 (Mo. App. W.D. 2003); "Garnishment in aid of execution is a creature of statute in derogation of the common law and thus strict compliance with all its requirements formerly by statute and now by rule is essential." *Countryman v. Seymour R-II School Dist.*, 823 S.W.2d 515, 521 (Mo. App. S.D. 1992).

9. Pursuant to Mo. R. Civ. P. 90.035(a) - :

2

Every writ of garnishment shall have clearly and legibly printed thereon a notice to the person against whom the garnishment has issued that:

    1.    A garnishment has been levied;
    2.    Certain funds may be exempted under sections 513.430 and 513.440, RSMo, or under Title 31 C.F.R. Part 212; and
    3.    The person has the right to hold the funds as exempt from garnishment.

The notice shall also generally state there are certain exemptions under state and federal law that the judgment debtor may be able to claim with respect to the funds levied upon and describe the procedure for claiming the funds as exempt.

10. Pursuant to Mo. R. Civ. P. 90.15 – "Garnishment of Wages – Notice of Wage Exemption Statute Required":

> No notice, summons, or writ of garnishment issued or served under sections 525.010 to 525.310, RSMo, shall attach or purport to attach any wages in excess of the amount prescribed in subsection 2 of section 525.030, or any applicable federal law, **and each such notice, summons, or writ shall have clearly and legibly reproduced thereon the provisions of subsections 2, 5 and 6 of section 525.030, RSMo**

(emphasis added).

11. Pursuant to Mo. R. Civ. P. 90.03(b):

> Within five days of notice of service upon the garnishee, the garnishor shell serve a copy of the summons and writ on the judgment debtor by delivering it to the judgment debtor as provided in Rule 43.01(c) or by mailing the documents to the debtor's last known address. Service by mail shall be complete upon mailing. At the time of mailing, a certificate of service shall be filed with the court. The certificate shall show the caption of the case, the name of the party served, the date and manner of service, the designation of the documents, and the signature of the serving party or attorney.

12. Pursuant to Mo. R. Civ. P. 90.18:

> At any time after service of the summons and writ of garnishment, but not later than 90 days after any specific payment shall have been made by the garnishee to the garnishor with respect to that specific

payment, any person against whom such writ has been issued may file with the issuing court a motion setting forth good cause why such garnishment ought to be stayed, set aside, or quashed. Reasonable notice of the time of the hearing on the motion shall be given to all interested parties.

<u>Argument</u>

13. Plaintiff's writ of garnishment does not contain the mandatory notices required by Mo. R. Civ. P. 90.035(a).

14. To the extent Plaintiff is attempting to garnish any wages of Mr. Luebbert, Plaintiff has failed to clearly and legibly reproduce the provisions of subsections 2, 5, and 6 of section 525.030 on any document served upon Garnishee Control Loop as required by Mo. R. Civ. P. 90.15.

15. Plaintiff has failed to serve a copy of the Summons and Writ upon Mr. Leubbert as required by Mo. R. Civ. P. 90.03(b).

16. Plaintiff has failed to file a certificate of service pursuant to Mo. R. Civ. P. 90.03(b).

WHEREFORE, Defendant Derek Francis Leubbert respectfully requests this honorable Court quash its March 29, 2024 Writ of Execution for failure to comply with Missouri state law requirements for garnishment, and for such other relief this honorable Court deems just and proper.

Respectfully Submitted,

SADER LAW FIRM, LLC

By: <u>*s/ Neil S. Sader*</u>
Neil S. Sader, MO 34375
2345 Grand Boulevard, Suite 2150
Kansas City, Missouri 64108
816-561-1818
Fax: 816-561-0818
nsader@saderlawfirm.com

4

*s/ Stephen S. Krogmeier*  
Stephen S. Krogmeier, MO 69182  
2345 Grand Boulevard, Suite 2150  
Kansas City, Missouri 64108  
816-561-1818  
Fax: 816-561-0818  
skrogmeier@saderlawfirm.com

## CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of the foregoing was served upon all appropriate parties, electronically by the U.S. District Court's ECF system on May 15, 2024.

*s/ Stephen S. Krogmeier*  
Stephen S. Krogmeier

S:\BankruptcyCurrent\Client Forms - Active\Luebbert, Derek Francis\Execution Matters\2024.05.15 – Motion to Quash