IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-00657-DGK |
| | ) | |
| DEREK FRANCIS LUEBBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO QUASH WRIT OF EXECUTION**

Plaintiff obtained a judgment against Defendant Derek Francis Luebbert in 2016 but has yet to collect from him. On March 29, 2024, a writ of execution was issued, and a notice and summons of garnishment was subsequently served on the garnishee. *See* ECF No. 270. Now before the Court is Defendant's motion to quash the writ of execution. ECF No. 272. For the following reasons, the motion to quash is GRANTED.

In general, federal writs of garnishment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). "Courts have quashed writs of garnishment where the judgment creditor failed to comply with state law requirements for garnishments." *Bell v. Hosier*, 640 F. Supp. 3d 998, 1001 (D. Colo. 2022) (citing cases). Missouri law imposes specific notice and service requirements for garnishment proceedings. *See, e.g.*, Mo. R. Civ. P. 90.030, .035, .15.

Here, Defendant argues the writ of execution should be quashed because Plaintiff failed to comply with Missouri's procedural requirements. Specifically, Defendant contends: (1) the writ failed to contain notices required under Rules 90.035(a) and 90.15; and (2) Plaintiff failed to serve a copy of the writ and summons on Defendant or file a certificate of service as required under Rule 90.03(b). Plaintiff opposes the motion and argues that the writ and summons either satisfied the applicable rules or the rules do not apply to the garnishor. Plaintiff's arguments are unavailing.

Under Rule 90.035(a), "[e]very writ of garnishment shall have clearly and legibly printed thereon a notice" stating that "[c]ertain funds may be exempt under sections 513.430 and 513.440, RSMo, or under Title 31 C.F.R. Part 212." The writ of garnishment included no such notice. Plaintiff contends this requirement is satisfied because the writ is supposedly "the standard form used in the Western District of Missouri." Suggestions on Opp'n at 3, ECF No. 274. But it is unclear how the use of a standard form cures Plaintiff's failure to comply with Missouri's procedural rules. And even assuming it does, Plaintiff still failed to comply with other procedural requirements as set forth below.

Under Rule 90.15, every garnishment "notice, summons, or writ shall have clearly and legibly reproduced thereon the provisions of subsections 2, 5 and 6 of section 525.030, RSMo." Neither the writ nor the summons included this reproduction. Plaintiff argues § 525.030 applies only to the garnishee and not the garnishor. While this may be true, it is Plaintiff's compliance with Rule 90.15 not § 525.030 that is at issue here. Rule 90.15 places an affirmative duty on the *garnishor* to reproduce the applicable provisions of § 525.030. Again, this did not happen. Thus, Plaintiff failed to comply with Rule 90.15.

Finally, under Rule 90.035(b), "the garnishor shall serve a copy of the summons and writ on the judgment debtor" and "a certificate of service shall be filed with the court." Based on the evidence before the Court, it does not appear Defendant (i.e., the judgment debtor) was ever served a copy of the summons and writ and there is no certificate of service indicating as much. Plaintiff argues—despite the Rule's plain language—that Rule 90.035(b) applies only to a garnishee. This is not the case. Thus, Plaintiff failed to comply with Rule 90.035.

For the following reasons, Defendant's motion to quash the writ of execution is GRANTED. The writ of execution issued March 29, 2024, is QUASHED. Should Plaintiff seek

to renew its garnishment of Defendant, it must comply with the Missouri Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date:  July 9, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT