IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Global Control Systems, Inc.,<br>        Plaintiff<br>vs.<br><br>Derek Francis Luebbert, et al.<br>        Defendant. | Case No. 14-0657-CV-W-DGK |

## MOTION TO QUASH AUGUST 8, 2024 WRIT OF EXECUTION

COMES NOW Defendant Derek Francis Luebbert ("Mr. Luebbert"), by and through counsel Neil S. Sader and Stephen S. Krogmeier of Sader Law Firm, LLC and states as follows in support of his Motion to Quash August 8, 2024 Writ of Execution:

Facts

1. On August 8, 2024, Plaintiff Global Control Systems, Inc. ("Plaintiff") filed a Praecipe for Writ of Execution and/or Garnishment requesting this honorable Court enter a Writ of Execution against Mr. Luebbert for the sum of $655,509.04 with interest and costs as computed by Plaintiff (Doc. 277; "Praecipe").

2. The Praecipe requests a Writ of Execution "for service on defendant/Judgment debtor, Derek Francis Luebbert, 4103 Oak Street, Kansas City, MO 64111."

3. The Praecipe does not request execution against or service upon "Control Loop."

4. On August 8, 2024, this honorable Court issued the requested Writ of Execution.

5. On August 9, 2024, Plaintiff filed a Certificate of Service (Doc. 278; "Certificate of Service") stating the following documents "were served by mailing a copy thereof by

1

United States Mail, postage prepaid on August 9, 2024, to [Mr. Luebbert, counsel for Mr. Luebbert, and the U.S. Department of Justice]:"

   1. Form USM-285
   2. Praecipe for Writ of Garnishment
   3. Writ of Execution
   4. Notice of Garnishment and Summons of Garnishee
   5. Notice to Garnishee/Employer
   6. Interrogatories to Garnishee and Affidavit
   7. Notice to Judgement Debtor re: Claims for Exemptions and Request for Hearing

6. The aforementioned Notice of Garnishment and Summons of Garnishee, and interrogatories to Garnishee and Affidavit are directed to "Control Loop c/o United States Corporation Agents, Inc., 1028 N. Kingshighway St. Cape Girardau, MO 63701-3503."

7. The aforementioned Notice to Judgement Debtor provides:

    Please take Notice that a garnishment has been levied pursuant to an execution issued in Case 14-0657-CV-W-DGK directed to the garnishee Control Loop LLC, who is summoned as a garnishee . . .

8. On September 3, 2024, the registered agent for Control Loop received the following documents, purportedly from deputy United States Marshall Korey Reichert:

    a. Notice of Garnishment and Summons of Garnishee directed to Control Loop
    b. Praecipe for Writ of Execution and/or garnishment "for service on defendant/judgment debtor, Derek Francis Luebbert, 4103 Oak Street, Kansas City, Missouri 64111."
    c. A Writ of Execution against "Derek Francis Luebbert"
    d. Six pages of unknown documents
    e. Notice to Garnishee/Employer

A true and accurate copy of these documents are attached hereto as "Exhibit A."

9. No Process Receipt and Return, Certificate of Service, or any other verification of service upon Control Loop has been filed with this honorable Court.

2

Law

10. "A federal writ of garnishment is generally governed by the law of the state in which the district court sits. Rule 69 of the Federal Rules of Civil Procedure states that '[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.'" *Bell v. Hosier*, 640 F. Supp.3d 998, 999 (D. Colo. Nov. 9, 2022) *citing* Fed. R. Civ. P. 69(a)(1).

11. Federal courts commonly quash writs of garnishment where the judgment creditor fails to comply with state law requirements for garnishments. *Id.* citing *Real Good Techs., LLC v. Victory Sols., LLC,* No. 1:17-cv-0149, 2018 WL 1621163, at *2 (N.D. Ohio Apr. 4, 2018); *Fleet Cap. Corp. v. Bill Simon Equip., Inc.*, No. 3:05-cv-176-MJR, 2008 WL 11508959, at *4 (S.D. Ill. Feb. 29, 2008), *report and recommendation adopted, 2008 WL 11508960* (S.D. Ill. Mar. 20, 2008).

12. In Missouri, "[a] garnishor's failure to proceed as required by statute and rule constitutes abandonment or discontinuance of a garnishment proceeding, and the circuit court loses its jurisdiction to proceed." *Allison v. Tyson*, 123 S.W.3d 196, 200 (Mo. App. W.D. 2003); "Garnishment in aid of execution is a creature of statute in derogation of the common law and thus strict compliance with all its requirements formerly by statute and now by rule is essential." *Countryman v. Seymour R-II School Dist.*, 823 S.W.2d 515, 521 (Mo. App. S.D. 1992).

13. Pursuant to Mo Civ. P. 90.02 –

> The clerk of the court that entered the judgment shall issue a writ of garnishment if the garnishor files a written request stating:
> a. That a judgment has been entered against the debtor and remains unsatisfied;

3

b. The judgment balance, as defined in section 408.040, and the amount remaining unpaid;
  c. That the garnishor knows or has good reason to believe that the garnishee is indebted to debtor, that the garnishee is obligated to make periodic payments to debtor, or that the garnishee has control or custody of property belonging to debtor . . .

14. Pursuant to Mo. R. Civ. P. 90.03 –

   (a) **The garnishee shall be served with summons and the writ of garnishment by the sheriff**. If the sheriff fails to obtain service upon a request do to so, the garnishor may request the court to appoint a special process server. The special process server shall have the same duties as the sheriff with respect to service of garnishments. In addition, service may be made upon an employee of the garnishee designated to receive service or upon the paying, disbursing, or auditing officer of the garnishee. **Return of service shall be made as provided in Rule 54.20.** The return date of the writ of garnishment, if applicable, shall be set forth in the summons.
   (b) **Within five days** of notice of service upon the garnishee, the garnishor shall serve a copy of the summons and writ on the judgment debtor by delivering it to the judgment debtor as provided in Rule 43.01(c) or by mailing the documents to the debtor's last known address. Service by mail shall be complete upon mailing. **At the time of mailing, a certificate of service shall be filed with the court.** The certificate shall show the caption of the case, the name of the party served, the date and manner of service, the designation of the documents, and the signature of the serving party or attorney.
   (c) . . .
   (d) All pleadings and papers **subsequent to service of the summons and writ of garnishment shall be served as provided in Rule 43.01**.

(emphasis added).

15. Pursuant to Mo. R. Civ. P. 54.20 –

   (a) Within the State – Officer's Returns – Affidavits of Service.
   (1) Every officer to whom summons or other process shall be delivered for service within the state shall make return thereof in writing as to the time, place and manner of service of such writ and sign such return.

4

> (2) If service of such process is made by a person other than an officer such person shall make affidavit as to the time, place, and manner of service thereof . . .

16. Under Missouri law, a return of service should be filed promptly after service of process.

    *Miller v. Agathen for Christen*, 804 S.W.2d 849, 850-851 (Mo. Ct. App. E.D. 1991).

17. Pursuant to Mo. R. Civ. P. 90.035(a) –

    > Every writ of garnishment shall have clearly and legibly printed thereon a notice **to the person against whom the garnishment has issued** that:
    >
    > 1. A garnishment has been levied;
    > 2. Certain funds may be exempted under sections 513.430 and 513.440, RSMo, or under Title 31 C.F.R. Part 212; and
    > 3. The person has the right to hold the funds as exempt from garnishment.
    >
    > The notice shall also generally state there are certain exemptions under state and federal law that the judgment debtor may be able to claim with respect to the funds levied upon and describe the procedure for claiming the funds as exempt.

    (emphasis added).

18. Pursuant to Mo. R. Civ. P. 90.18 –

    > At any time after service of the summons and writ of garnishment, but not later than 90 days after any specific payment shall have been made by the garnishee to the garnishor with respect to that specific payment, any person against whom such writ has been issued may file with the issuing court a motion setting forth good cause why such garnishment ought to be stayed, set aside, or quashed. Reasonable notice of the time of the hearing on the motion shall be given to all interested parties.

<u>Argument</u>

19. Plaintiff requested and was issued a Writ of Garnishment against Mr. Luebbert but served Summons and a Notice of Garnishment addressed to Control Loop upon Mr. Luebbert and, allegedly, Control Loop.

5

20. No Writ of Garnishment has been issued by this honorable Court against Control Loop.

21. Therefore, Plaintiff's attempt to garnish Control Loop is inadequate and without lawful authority.

22. Rule 90.02 requires a garnishor such as Plaintiff to make a representation to the Court "that the garnishor knows or has good reason to believe that the garnishee is indebted to debtor, that the garnishee is obligated to make periodic payments to debtor, or that the garnishee has control or custody of property belonging to debtor" prior to issuance of a Writ of Garnishment against a third-party garnishee such as Control Loop.

23. Plaintiff has not made the requisite Rule 90.02 representation to this honorable Court and, therefore, Mr. Luebbert prays the August 9, 2024 Writ of Execution be quashed for Plaintiff's failure to comply with the requisite Missouri garnishment procedure.

24. Rule 90.03(a) specifically requires service of summons and the writ of garnishment by the **sheriff**. Then, if the sheriff fails to obtain service, garnishor may request the Court appoint an alternate process server.

25. Plaintiff alleges service only by electronic mail and United States mail (upon Mr. Luebbert, Mr. Luebbert's counsel, and the United States Marshals Service) and, apparently, a request to the United States Marshal's service to serve Control Loop.

26. No attempt was made for service by the local sheriff's office upon either Mr. Luebbert or Control Loop and, therefore, Plaintiff's attempt to garnish either entity is inadequate under Rule 90.03(a).

27. To the extent that service was allegedly made upon Control Loop by the United States Marshall Service on September 3, 2024, Plaintiff has failed to timely cause a Return of Service be filed as required by Rule 90.03.

28. Plaintiff failed to serve Mr. Luebbert within five days of alleged service upon Control Loop as required by Mo. R. Civ. P. 90.03(b).

29. To the extent Plaintiff argues the August 8, 2024 Writ of Execution was directed to Mr. Luebbert, the Notice of Garnishment provided to Mr. Luebbert is directed to Control Loop, not Mr. Luebbert. No Notice compliant with Rule 90.035(a) and identifying Mr. Luebbert as the person against whom garnishment has been served upon Mr. Luebbert. Therefore, Plaintiff's attempt to garnish Mr. Luebbert is inadequate under Rule 90.035.

WHEREFORE, Defendant Derek Francis Luebbert respectfully requests this honorable Court quash its August 8, 2024 Writ of Execution for Plaintiff Global Control Systems, Inc.'s failure to comply with Missouri Rules of Civil Procedure, and for such other relief this honorable Court deems just and proper.

Respectfully Submitted,

SADER LAW FIRM, LLC

By: *s/ Neil S. Sader*
    Neil S. Sader, MO 34375
    2345 Grand Boulevard, Suite 2150
    Kansas City, Missouri 64108
    816-561-1818
    Fax: 816-561-0818
    nsader@saderlawfirm.com

*s/ Stephen S. Krogmeier*
Stephen S. Krogmeier, MO 69182
2345 Grand Boulevard, Suite 2150
Kansas City, Missouri 64108
816-561-1818
Fax: 816-561-0818
skrogmeier@saderlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all appropriate parties, electronically by the U.S. District Court's ECF system on November 11, 2024.

*s/ Stephen S. Krogmeier*
Stephen S. Krogmeier

https://saderlawfirm.sharepoint.com/sites/SLFDocuments/Shared Documents/BankruptcyCurrent/2016 Bankruptcy Cases/Luebbert, Derek Francis/Rule 69 Hearing and Execution Matters/2024.11.11 - Motion to Quash.docx