UNITED STATES CORPORATION AGENTS, INC.

# SERVICE OF PROCESS ACCEPTANCE FORM

[X] WALK-IN [ ] MAIL

| STATE: MO/USA | DATE: 9/3/24 | TIME: 13:00 |
|---|---|---|

| | |
|---|---|
| **NAME OF COMPANY BEING SERVED:** | CONTROL LOOP |
| **SERVER'S NAME:** | Deputy U.S. Marshal KOREY REICHERT |
| **SERVER'S PHONE:** | 314-607-9226 |
| **SERVER'S EMAIL:** | korey.reichart@USDOJ.GOV |
| **SERVER'S MAILING ADDRESS:** *(For mail service only)* | 555 Independence St, Cape Girardeau, MO |

**SERVER'S ACKNOWLEDGMENT**

I confirm that I am serving documents to ***United States Corporation Agents, Inc.***, which is the registered agent for the company being served.

[signature] 9/3/24

Server's Signature **(for walk-in service only)** Date

Ruth Jones

Acceptor's Name (Please print clearly)

[signature] 9/3/24

Acceptor's Signature Date

| SHIPMENT TRACKING NUMBER: |
|---|
| 7783 [illegible] 2692 |

7783 4727 2692

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| **In re:**<br>**Global Control Systems, Inc.,**<br>**Plaintiff,**<br>**vs.**<br>**Derek Francis Luebbert, et al.**<br>**Defendants.** | Case No. 14-0657-CV-W-DGK |

**NOTICE OF GARNISHMENT AND SUMMONS OF GARNISHEE**

**Control Loop**
**c/o: United States Corporation Agents, Inc.**
**1028 N. Kingshighway St.**
**Cape Girardeau, MO 63701-3503**

**Return Date: September 09, 2024**

I, the undersigned United States Marshal, **do declare to you**, that I do attach, levy upon and seize in your hands, not to exceed statutory limitations as provided in 15 U.S.C. Sections 1671-1677 and R.S.MO. 525.030, all debts owing by you to the above named defendant, **Derek Francis Luebbert**, together with all property, money, rights, credits, bonds, bills, notes, drafts, checks and other choices in action, and also all other personal property, as well as other kinds of property whatsoever liable to garnishment of said defendant(s) in your possession or charge or under your control, or now owing by you and all that may come into your possession and charge or control, or become owing by you, between this time and the time of filing your answer herein **30 days**.

**And I further declare** to you that I do attach, levy upon and seize in your hands all debts now due from you to the said defendant as well as all that may become due hereafter and before said time of your answer, not to exceed statutory limitations as provided in 15 U.S.C. Sections 1671-1677 and R.S.MO. 525.030, or so much thereof as shall be sufficient to satisfy the following:

| | | |
|---|---|---|
| Principal: | $ | 655,509.04 |
| Interest as of 04/08/2024: | $ | 473,097.94 |
| Garnishment Proceedings Received: | $ | 0.00 |
| Costs to Date: | $ | 0.00 |
| Total for Garnishment: | $ | 1,128,606.98 |

**And I further declare to you that you are hereby summoned** and required to mail, or exhibit and file, your original answer to the Interrogatories served simultaneously with this Notice and Summons of

Garnishment within ten (10) days after the return date of the Writ of Execution (30 days from the date of the issuance of the Writ), also the return date of the Notice of Garnishment and Summons, to the Clerk of the said Court at:

Paige Wymore-Wynn
Clerk of U.S. Bankruptcy Court
U.S. Courthouse, Room
1510 400 East 9th Street
Kansas City, MO 64106

and mail a copy of the answer to plaintiff's attorney at:

Ronald S. Weiss
Berman, DeLeve, Kuchan & Chapman
1100 Main Street, Suite 2850
Kansas City, MO 64105

otherwise, **YOU ARE HEREBY SUMMONED** to be and appear before the said court on a certain day, then and there to answer upon oath such allegations and interrogatories as have been exhibited to you by Plaintiff and abide by the further order of the Court.

Given under my hand at Kansas City, Missouri, on the date first below written.

Scott Seeling
Acting United States Marshal
Western District of Missouri

By: [signature]
Deputy

8/15/24
Date

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| **In re:**<br>**Global Control Systems, Inc.,**<br>**Plaintiff,**<br>**vs.**<br>**Derek Francis Luebbert, et al.**<br>**Defendants.** | Case No. 14-0657-CV-W-DGK |

**PRAECIPE FOR WRIT OF EXECUTION AND/OR GARNISHMENT**

**TO THE CLERK:**

**ISSUE WRIT OF EXECUTION** in the above matter, directed to the United States Marshal (Special Process Server) for service on **defendant/judgment debtor, Derek Francis Luebbert, 4103 Oak Street, Kansas City, MO. 64111**. An amended judgment entered in this court against Derek Luebbert was entered on **August 4, 2016**, in the amount of **$655,509.04**, of which **$655,509.04** remains unsatisfied, together with interest of **$473,097.94** and costs of **$0.00** for a total of **$1,128,606.98** which remains unsatisfied, as calculated on this 8th day of August 2024, by the undersigned.

**RETURNABLE:** 30 days

**Global Control Systems, Inc.**

**By:** s/ Ronald S. Weiss

**Ronald S. Weiss, MO #21215**
**1100 Main Street, Suite 2850**
**Kansas City, MO 64105**
**(816) 471-5900 telephone**
**(816) 842-9955 facsimile**
**rweiss@bdkc.com**
**ATTORNEYS FOR PLAINTIFF**

**DATE:** August 8, 2024

[illegible]

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| In re:<br>Global Control Systems, Inc.,<br>Plaintiff,<br>vs.<br>Derek Francis Luebbert, et al.<br>Defendants. | Case No. 14-0657-CV-W-DGK |

**WRIT OF EXECUTION**

**TO THE UNITED STATES MARSHAL FOR THE WESTERN DISTRICT OF MISSOURI:**

**WHEREAS,** on the 4th day of **August, A.D., 2016** in a cause styled as above, judgment was rendered in this Court, or other United States District Court as indicated above and registered herein, in favor of **Plaintiff, Global Control Systems**, and against **Derek Francis Luebbert, et al**, herein after called debtor, for the sum of **$655,509.04.**

**AND WHEREAS,** the judgment was entered and docketed in the office of the Clerk, and the sum of **$655,509.04** dollars is now actually due and unpaid thereon, with interest and costs as computed by **Plaintiff.**

**THEREFORE, YOU ARE COMMANDED,** that of the goods and chattels, lands, and tenements of the said judgment debtor you cause to be made the full amount of said judgment, interest, and costs.

**HEREIN FAIL NOT,** and have you the said monies, together with this writ, before this Court on the 9th day of September 2024, **(30 days** from the date of service on this writ.)

**WITNESS** my hand and the seal of this Court at Kansas City, Missouri, this 8th day of August 2024.

CLERK OF COURT

Date: 8/9/2024

**computed — earnings defined — penalty.**

1. No sheriff or other officer charged with the collection of money shall, prior to the return day of an execution or other process upon which the same may be made, be liable to be summoned as garnishee; nor shall any county collector, county treasurer or municipal corporation, or any officer thereof, or any administrator or executor of an estate, prior to an order of distribution, or for payment of legacies, or the allowance of a demand found to be due by his estate, be liable to be summoned as garnishee; nor shall any person be so charged by reason of his having drawn, accepted, made or endorsed any promissory note, bill of exchange, draft or other security, in its nature negotiable, unless it be shown at the hearing that such note, bill or other security was the property of the defendant when the garnishee was summoned, and continued so to be until it became due.

2. (1) The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five percentum, or, (b) the amount by which his aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 in effect at the time the earnings are payable, or, (c) if the employee is the head of a family and a resident of this state, ten percentum, whichever is less.

   (2) The restrictions on the maximum earnings subjected to garnishment do not apply in the case of any order of any court for the support of any person, any order of any court of bankruptcy under chapter XIII of the Bankruptc Act or any debt due for any state or federal tax.

   (3) For pay periods longer than one week, the provisions of subsection 2(a) and (c) of this section shall apply to the maximum earnings subjected to garnishment for all workweeks compensated, and under subsection 2(b) of this section, the "multiple" of the federal minimum hourly wage equivalent to that applicable to the earnings subject to garnishment for one week shall be represented by the following formula: The number of workweeks or fractions thereof (x) x 30 x the applicable federal minimum wage. For the purpose of this formula,

a calendar month shall be considered to consist of 4 1/3 workweeks, a semimonthly period to consist of 2 1/6 weeks. The "multiple" for any other pay period longer than one week shall be computed in a manner consistent herewith.

(4) The restrictions on the maximum amount of earnings subjected to garnishment shall also be applicable to all proceedings involving the sequestration of wages of employees of all political subdivisions.

(5) The term "earnings" as used herein means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

3. In any proceeding of garnishment or sequestration of wages under the provisions of sections 525.010 to 525.480, the maximum part of the aggregate earnings of any individual in any workweek which shall be subject to garnishment or sequestration pursuant to the provisions of subsection 2 of this section shall be construed to constitute all wages or earnings of the defendant in the garnishee's possession or charge or to be owing by him to the defendant in that week.

4. No notice, summons, or writ of garnishment, or sequestration of wages issued or served under sections 525.010 to 525.480 shall attach or purport to attach any wages in excess of the amounts prescribed in subsection 2 of this section and each such notice, summons, or writ shall have clearly and legibly reproduced thereon the provisions of subsections 2, 5 and 6 of this section.

5. No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment or sequestration for anyone indebtedness.

6. Whoever willfully violates the provisions of subsection 5 of this section is guilty of a misdemeanor.

8. RSMo 513.430.

**513.430. Property exempt from attachment — construction of section. — 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:**

(1) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical

instruments that are held primarily for personal, family or household use of such person or a dependent of such person, not to exceed three thousand dollars in value in the aggregate;

(2) A wedding ring not to exceed one thousand five hundred dollars in value and other jewelry held primarily for the personal, family or household use of such person or a dependent of such person, not to exceed five hundred dollars in value in the aggregate;

(3) Any other property of any kind, not to exceed in value six hundred dollars in the aggregate;

(4) Any implements or professional books or tools of the trade of such person or the trade of a dependent of such person not to exceed three thousand dollars in value in the aggregate;

(5) Any motor vehicles, not to exceed three thousand dollars in value in the aggregate;

(6) Any mobile home used as the principal residence but not attached to real property in which the debtor has a fee interest, not to exceed five thousand dollars in value;

(7) Any one or more unmatured life insurance contracts owned by such person, other than a credit life insurance contract, and up to fifteen thousand dollars of any matured life insurance proceeds for actual funeral, cremation, or burial expenses where the deceased is the spouse, child, or parent of the beneficiary;

(8) The amount of any accrued dividend or interest under, or loan value of, any one or more unmatured life insurance contracts owned by such person under which the insured is such person or an individual of whom such person is a dependent; provided, however, that if proceedings under Title 11 of the United States Code are commenced by or against such person, the amount exempt in such proceedings shall not exceed in value one hundred fifty thousand dollars in the aggregate less any amount of property of such person transferred by the life insurance company or fraternal benefit society to itself in good faith if such transfer is to pay a premium or to carry out a nonforfeiture insurance option and is required to be so transferred automatically under a life insurance contract with such company or society that was entered into before commencement of such proceedings. No amount of any accrued dividend or

interest under, or loan value of, any such life insurance contracts shall be exempt from any claim for child support. Notwithstanding anything to the contrary, no such amount shall be exempt in such proceedings under any such insurance contract which was purchased by such person within one year prior to the commencement of such proceedings;

(9) Professionally prescribed health aids for such person or a dependent of such person;

(10) Such person's right to receive:

(a) A Social Security benefit, unemployment compensation or a public assistance benefit;

(b) A veteran's benefit;

(c) A disability, illness or unemployment benefit;

(d) Alimony, support or separate maintenance, not to exceed seven hundred fifty dollars a month;

(e) a. Any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, nonpublic retirement plan or any plan described, defined, or established pursuant to section 456.014, the person's right to a participant account in any deferred compensation program offered by the state of Missouri or any of its political subdivisions, or annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person unless:

(i) Such plan or contract was established by or under the auspices of an insider that employed such person at the time such person's rights under such plan or contract arose;

(ii) Such payment is on account of age or length of service; and

(iii) Such plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, 408A or 409 of the Internal Revenue Code of 1986, as amended, (26 U.S.C. Section 401(a), 403(a), 403(b), 408, 408A or 409).

b. Notwithstanding the exemption provided in subparagraph a. of this paragraph, any such payment to any person shall be subject to attachment or execution pursuant to a qualified domestic relations order, as defined by Section 414(p) of the Internal Revenue Code

of 1986 (26 U.S.C. Section 414(p)), as amended, issued by a court in any proceeding for dissolution of marriage or legal separation or a proceeding for disposition of property following dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of marital property at the time of the original judgment of dissolution;

(f) Any money or assets, payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan, profit-sharing plan, health savings plan, or similar plan, including an inherited account or plan, that is qualified under Section 401(a), 403(a), 403(b), 408, 408A or 409 of the Internal Revenue Code of 1986 (26 U.S.C. Section 401(a), 403(a), 403(b), 408, 408A, or 409), as amended, whether such participant's or beneficiary's interest arises by inheritance, designation, appointment, or otherwise, except as provided in this paragraph. Any plan or arrangement described in this paragraph shall not be exempt from the claim of an alternate payee under a qualified domestic relations order; however, the interest of any and all alternate payees under a qualified domestic relations order shall be exempt from any and all claims of any creditor, other than the state of Missouri through its department of social services. As used in this paragraph, the terms "alternate payee" and "qualified domestic relations order" have the meaning given to them in Section 414(p) of the Internal Revenue Code of 1986 (26 U.S.C. Section 414(p)), as amended. If proceedings under Title 11 of the United States Code are commenced by or against such person, no amount of funds shall be exempt in such proceedings under any such plan, contract, or trust which is fraudulent as defined in subsection 2 of section 428.024 and for the period such person participated within three years prior to the commencement of such proceedings. For the purposes of this section, when the fraudulently conveyed funds are recovered and after, such funds shall be deducted and then treated as though the funds had never been contributed to the plan, contract, or trust;

(11) The debtor's right to receive, or property that is traceable to, a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(12) Firearms, firearm accessories, and ammunition, not to exceed one thousand five hundred dollars in value in the aggregate;

(13) Any moneys accruing to and deposited in individual savings accounts or individual deposit accounts under sections 166.400 to 166.456 or sections 166.500 to 166.529, subject to the following provisions:

(a) This subdivision shall apply to any proceeding that:

a. Is filed on or after January 1, 2022; or

b. Was filed before January 1, 2022, and is pending or on appeal after January 1, 2022;

(b) Except as provided by paragraph (c) of this subdivision, if the designated beneficiary of an individual savings account or individual deposit account established under sections 166.400 to 166.456 or sections 166.500 to 166.529 is a lineal descendant of the account owner, all moneys in the account shall be exempt from any claims of creditors of the account owner or designated beneficiary;

(c) The provisions of paragraph (b) of this subdivision shall not apply to:

a. Claims of any creditor of an account owner as to amounts contributed within a two-year period preceding the date of the filing of a bankruptcy petition under 11 U.S.C. Section 101 et seq., as amended; or

b. Claims of any creditor of an account owner as to amounts contributed within a one-year period preceding an execution on judgment for such claims against the account owner.

2. Nothing in this section shall be interpreted to exempt from attachment or execution for a valid judicial or administrative order for the payment of child support or maintenance any money or assets, payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified pursuant to Sections 408 and 408A of the Internal Revenue Code of 1986 (26 U.S.C. Sections 408 and 408A), as amended.

9. If you have questions, you should contact your attorney.

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| **In re:**<br>**Global Control Systems, Inc.,**<br>**Plaintiff,**<br>**vs.**<br>**Derek Francis Luebbert, et al.**<br>**Defendants.** | Case No. 14-0657-CV-W-DGK |

**NOTICE TO GARNISHEE/EMPLOYER**

1. Interrogatories are served with a summons of garnishment. You must file and serve your answers to the interrogatories within ten days after the return date.

2. If you are an employer: Notify your employee that his/her wages have been garnished and that you will hold 25% of his/her earnings (if not for child support or maintenance), after deductions required by law, or, if the employee is a head of a family and a resident of this state, 10% after deductions required by law (AMOUNTS TO WITHHOLD FOR CHILD SUPPORT AND MAINTENANCE ARE ESTABLISHED BY FEDERAL LAW), until:

   a. He secures a release from the Court; or

   b. You get an order from the Court.

3. Then withhold the amount required to be held until the return date shown on the garnishment form. Do not send money to the Court without further instructions from the Court. Deductions required by law are limited to federal, state and city income and earnings taxes and FICA taxes.

4. If you are a depository such as a bank or savings and loan: You are required to hold funds in the account of the defendant(s) as directed by the summons of garnishment and notify the defendant(s) of what you have done. If any further funds subject to garnishment are deposited by the defendant(s) these also must be held. You are responsible for all funds in the account or deposited into the account from the date you get these papers until the return date shown on the garnishment papers. Do not release funds subject to garnishment from the account until you receive further instructions from the Court.

5. If you have questions, you should contact your attorney or attorney for the plaintiff.

**YOUR ANSWERS TO INTERROGATORIES ARE TO BE MAILED TO:**

☒ Bankruptcy Court:
U.S. Courthouse
400 East 9th Street
Kansas City, MO 64106

☒ Attorneys for Plaintiff:
Berman DeLeve Kuchan & Chapman
1100 Main Street, Suite 2850
Kansas City, MO 64105